UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SCOTT PATRICK BOSTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | )    CASE NO. 2:14-CV-2016-SLB |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand and Agreed Upon Motion to Stay Case. (Doc. 15.) For the reasons set forth below, the Motion to Remand will be granted and this case will be remanded to the Commissioner pursuant to sentence 6 of 42 U.S.C. § 405(g) for consideration of the opinion evidence first filed in this court.

Mr. Boston filed an application for a period of disability and disability insurance benefits [DIB] on October 30, 2012. (*See* doc. 7-3 at R.20.)[1] The application was denied initially on December 14, 2012. (*Id*.) Thereafter, Mr. Boston requested a hearing before an Administrative Law Judge [ALJ], which was held on December 17, 2013. (*Id*.) Following

---

[1]Reference to a document number, ("Doc. __"), refers to the number assigned to each document as it is filed in the court's record. References to page numbers in the Commissioner's record are set forth as ("R.__").

the hearing, the ALJ found that Mr. Boston was not disabled; therefore, he denied Mr. Boston's application for a period of disability and DIB on February 24, 2014.  (*Id*. at R.30.)

Mr. Boston requested review of the ALJ's decision by the Appeals Council.  (*See id*. at R.7.)  On August 18, 2014, the Appeals Council denied the request for review, stating that it had "found no reason under [its] rules to review the [ALJ's] decision."  (*Id*. at R.1.)  Therefore, "the [ALJ's] decision is the final decision of the Commissioner of Social Security in [Mr. Boston's] case."  (*Id*.)

Mr. Boston filed an appeal in this court on October 21, 2014.  (Doc. 1.)  Thereafter, he filed the instant Motion to Remand and attached a document from his treating physician, Patrick Pritchard, M.D., which states:

> I treated Mr. Boston from 8/9/2010 to present time.
>
> 1)  In my opinion as a medical doctor and based on my observation and treatment of Scott Boston, I believe that the following limitations existed as of October 2, 2012[,] through the last date of my treatment.
>
>> A. Mr. Boston would be expected to miss more than three days of work each month as a result of his underlying medical condition(s).
>>
>> Yes  ✓          No ___
>
> . . .
>
>> B) Mr. Boston would experience symptoms, on a chronic basis, from his underlying medical condition(s) which could reasonably be expected to cause distraction from job tasks, or result in a failure to complete job tasks in a timely manner, for more than two hours during a typical eight[-]hour workday
>>
>> Yes  ✓          No ___

>    . . .
>
>    C) Mr. Boston could not sustain work for eight (8) hours per day, five (5) days per week at any kind of job, even one that is seated most of the day, for the following reasons:
>
>    Severe L2 fracture in 2010 has resulted in changes [to his] spine that limit[ ] his functionality for continued employment.

(Doc. 15-1.) Dr. Pritchard signed this document on October 1, 2015. Mr. Boston argues:

>    Dr. Pritchard's opinions meet the requirements of new and material evidence sufficient for a remand, as set forth in *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988) because:
>
>    A. The opinions are new and non-cumulative as the record does not contain a medical opinion as to the ability or inability to sustain work on a regular and continuing basis.
>
>    B. Dr. Pritchard's opinions are material evidence because, if not discredited by the Commissioner, they could change the administrative decision.
>
>    Dr. Pritchard's opinions are that Mr. Boston could not work eight hours per day, five days per week, nor sustain work for at least six hours of an eight hour work day, as of October 2, 2012, which is well before the administrative decisions in this case. In addition, Dr. Pritchard opines that as of October 2, 2012, Mr. Boston would miss more than three days of work per month (i.e., 36 days per year, or more than 7 weeks).
>
>    If an individual cannot work eight hours per day, five days per week, he would generally be found unable to sustain work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p. Therefore, the individual generally would be found disabled under Social Security rules. Furthermore, as a treating physician, Dr. Pritchard's opinions are entitled to controlling weight. SSR 96-2p.
>
>    C. There is good cause for failure to submit this evidence at the administrative level because this evidence did not exist previously.

> [Mr. Boston] submit[s] that for these reasons the threshold requirements of *Cannon* have been satisfied and this case should be remanded so that the Commissioner can consider the new and material evidence presented by Dr. Pritchard's opinions.

(Doc. 15 ¶ 3.)

The Commissioner argues that the evidence does not support a sentence six remand because it is not "material" and because Mr. Boston "has not shown good cause for not submitting [the evidence] previously." (Doc. 18 at 2-3.) The court disagrees.

Sentence six of § 405(g) states:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). Therefore, a claimant seeking a remand under sentence six must establish "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)(quoting *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986)); *see Ingram v. Comm'r of Soc. Sec. Admin.*,

496 F.3d 1253, 1261 (11th Cir. 2007)("The sixth sentence of section 405(g) provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" (quoting 42 U.S.C. § 405(g))). "Accordingly, sentence six encompasses *only* those instances in which 'the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding.'" *Gordon v. Soc. Sec. Admin., Com'r*, 625 Fed. Appx. 512, 514 (11th Cir. 2015)(quoting *Ingram,* 496 F.3d at 1267 (quoting *Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990)))(emphasis added).[2]

**A. MATERIALITY**

The Commissioner argues, "Plaintiff's new evidence would not change the result because the note is not entitled to controlling, or even significant, weight." (Doc. 18 at 3.) While this might be true, this court does not determine the weight of new evidence submitted for the first time in the district court and not included in the record of the administrative proceedings.

---

[2]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

"To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." *Caulder*, 791 F.2d at 877 (citing *Wright v. Heckler,* 734 F.2d 696 (11th Cir.1984); *Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir. Oct. 21, 1981)).  This court has no jurisdiction to evaluate this new evidence in the first instance.  *Walters v. Barnhart*, 184 F. Supp. 2d 1178, 1185 (M.D. Ala. 2001)(citing *Caulder v. Bowen,* 791 F.2d at 875; *Cherry v. Heckler,* 760 F.2d 1186 (11th Cir.1985)).  "Additionally, the court is not permitted to 'discount' the evidence at this stage of the proceedings – although the ALJ may certainly do so on remand."  *Mitchell v. Apfel*, No. CIV.A.98-W-1160-N, 1999 WL 33100499, at *3 (M.D. Ala. Sept. 17, 1999)(citing *Cannon* v. Bowen, 858 F.2d 1541, 1546  (11th Cir. 1988); *Wright v. Heckler,* 734 F.2d 696, 697 (11th Cir.1984)).

"[W]hen determining whether to remand a case to the [Commissioner] for consideration of new evidence, the mere statement by the [Commissioner] that the new evidence would not ultimately change the decision cannot be accorded any weight since the statement concerning the materiality of the evidence not in the certified administrative record is advisory at best." *Caulder*, 791 F.2d at 877 (11th Cir. 1986)(citing *Cherry,* 760 F.2d at 1194).  Therefore, the court must accept as valid the new evidence in deciding whether it is material. *Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1321-22 (11th Cir. 2015); *Mitchell*, 1999 WL 33100499, at *3.

Notwithstanding the Commissioner's arguments regarding the materiality of Dr. Pritchard's opinions in light of other evidence in the record that could form the basis of rejecting the treating physician's opinions, the court finds – for purposes of deciding whether the evidence is "material" – that Dr. Pritchard's opinion testimony is "relevant and probative" because "it pertains to a condition that [Mr. Boston] listed in his application[ ] at the administrative level as a source of his disability," and "[t]he evidence also contains a medical opinion on the presence of the impairment during the time period for which benefits are sought." *See Caulder*, 791 F.2d at 877-78.

**B. GOOD CAUSE**

"The sixth sentence of § 405(g) plainly describes [a] kind of remand, appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Finkelstein*, 496 U.S. at 626. "Good cause for failing to present evidence earlier may exist where, as here, the evidence did not exist at the time of the administrative proceeding," *Cherry*, 760 F.2d at 1192, and nothing before the court "reflects any bad faith attempt by [the claimant] to manipulate the administrative process," *Lipscomb v. Commissioner of Soc. Security*, 199 Fed. Appx. 903, 907 (11th Cir. 2006).

The Commissioner argues that the good-cause requirement is not satisfied if the claimant could have taken steps to cause such evidence to be created, even though the evidence did not exist during the administrative proceedings. *See* doc. 18 at 7 ("Plaintiff

provides no rationale or medical condition changes why Dr. Pritchard's note could not be prepared prior to the ALJ decision. The mere fact that Plaintiff had this evidence created after the Appeal's Council's decision does not absolve him from providing good cause for his failure to seek it previously."). In support of her contention, the Commissioner cites to *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) and *Vlamakis v. Comm'r of Soc. Sec.*, 172 Fed. Appx. 274, 277 (11th Cir. 2006).

The *Falge* decision is distinguishable from the facts of this case. In that case, the doctor's report purported to predate the ALJ's decision opinion. *Falge*, 150 F.3d at 1323-24 and n.8.[3] The claimant failed to allege or prove that the report at issue did ***not*** exist at some

---

[3]The *Falge* court stated:

But, Falge has provided no reason – no good cause – why Dr. Inga's report was not made available during proceedings before the ALJ. [Footnote]

> [Footnote:] Dr. Inga's new report is dated ***11 May 1994*** (before the hearing), but the report does not seem to have actually been prepared until ***December 1994*** (after the ALJ decision). The opinions set out in the report, however, seem to have been based on medical examinations and tests conducted before the ALJ rendered his decision.

We accept that, if an applicant can show good cause for his failure to introduce evidence during a hearing before the ALJ (even if the evidence was available to the applicant before the ALJ's decision) courts may consider that evidence in deciding whether the case should be remanded for further administrative proceedings to include the new evidence. But again, that kind of case is not before us. Falge has neither shown nor alleged good cause for his failure to introduce Dr. Inga's ***May 1994*** report during the hearing before the ALJ.

*Falge*, 150 F.3d at 1323-24 & n.8 (emphasis added). Although the court noted that the report

time before the ALJ's decision. *Id*. at 1324. Indeed, the *Falge* court appears to "accept" that good cause exists for not presenting evidence that did not exist during the administrative proceedings without any other showing. *See id*. at 1323-24 ("We accept that, if an applicant can show good cause for his failure to introduce evidence during a hearing before the ALJ (even if the evidence was available to the applicant before the ALJ's decision) courts may consider that evidence in deciding whether the case should be remanded for further administrative proceedings to include the new evidence.").

> In the unpublished *Vlamakis* opinion, a panel of the Eleventh Circuit held:
>
> The evidence in this case, which consists of a short statement that Dr. Gaulkin treated Vlamakis for anxiety, is neither new, nor material. Dr. Gaulkin's notes already contained statements regarding his treatment of Vlamakis for anxiety. Those same notes provide a better description of Vlamakis' condition than the letter does. The letter adds nothing new to the record and there is no reasonable possibility it would change the ALJ's decision. Furthermore, although the letter did not exist at the time of the administrative proceedings, Vlamakis has not shown good cause for not obtaining a letter from Dr. Gaulkin at an earlier date. The evidence upon which Dr. Gaulkin's letter was based had been available since 1997, several years before the administrative proceedings began. Accordingly, the district court did not err in declining to remand the case to the Commissioner on the basis of Dr. Gaulkin's letter.

*Vlamakis*, 172 Fed. Appx. at 277. This unpublished opinion is not binding on this court. *See* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Regardless, the *Vlamakis* "holding," allowing a district court to consider a claimant's cause for not having evidence created during the administrative

---

"seemed" to be created after the administrative proceeding, it treated the report as created during the administrative proceedings.

9

proceedings, is contrary to numerous and long-standing precedents of the Eleventh Circuit, which this court is required to follow.[4]

As set forth above, "Good cause for failing to present evidence earlier may exist where, as here, ***the evidence did not exist at the time of the administrative proceeding***." *Cherry*, 760 F.2d at 1192 (emphasis added); *see also Cannon*, 858 F.2d at 1546 (11th Cir. 1988)("there is good cause for failing to present the evidence because ***it did not exist*** at the time of the administrative hearing or the district court proceedings")(emphasis added); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)("because this ***new evidence did not exist*** at the time of the administrative proceedings Hyde has established good cause for failure to submit the evidence at the administrative level")(emphasis added); *Smith v. Bowen*, 792 F.2d 1547,

---

[4]According to the Eleventh Circuit –

> Under our prior precedent rule, we are bound to follow a binding precedent in this Circuit "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Martinez*, 606 F.3d 1303, 1305 (11th Cir. 2010)(quoting *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008)). We inherited this rule from the old Fifth Circuit, which had similarly deferred to prior precedent. *See, e.g.*, *Davis v. Estelle*, 529 F.2d 437, 441 (5th Cir. 1976). Therefore, when faced with an intracircuit split, we look to the *earliest* case not abrogated by the Supreme Court or by this Court sitting en banc. *See Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) ("[W]hen circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel.)(quoting *Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998))).

*Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1256-57 (11th Cir. 2014). This court must follow binding Circuit precedent. *See In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015)(citing *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985)).

1550 (11th Cir. 1986)("Smith has established good cause for failure to submit the evidence at the administrative level because *it did not exist* at that time.")(emphasis added); *Caulder*, 791 F.2d at 878 ("Caulder did establish good cause for the failure to submit the evidence at the administrative level because *the evidence did not exist* at that time") (emphasis added); *see also Lipscomb*, 199 Fed. Appx. at 907 ("The good cause requirement is also satisfied. The [evidence] *did not exist* at the time of the administrative proceedings.")(emphasis added); *Archer v. Commissioner of Social Security*, 176 Fed. Appx. 80, 82 n.3 (11th Cir. 2006)( noting that "The good cause requirement is satisfied when the *evidence did not exist* at the time of the administrative proceedings," and that "the [district] court [had] stated that the mere non-existence of the evidence did not amount to good cause," but that "finding [was] contrary to this circuit's standard" (citing *Cannon*, 858 F.2d at 1546))(other citations omitted and emphasis added).

The court notes that Dr. Pritchard is a neurosurgeon and has treated Mr. Boston over a number of years. He opined that Mr. Boston will miss up to the three days per month due to his back pain. Before the ALJ's decision, which found Mr. Boston was capable of sustained work activity, there was no apparent need for a treating physician to offer an opinion as to Mr. Boston's limitations with regard to attendance. Under different facts, it may be appropriate to consider a claimant's "bad faith" in waiting to seek and submit new and material physician opinion evidence to the district court until completion of the administration proceedings. In this case, the court finds no evidence or suggestion that Mr.

Boston and Dr. Prichard engaged in bad faith or otherwise have attempted to manipulate the system.

The court finds that Mr. Boston had "good cause" for not presenting Dr. Pritchard's opinion during the administrative proceedings based on the fact that Dr. Pritchard's opinion did not exist until after completion of the administrative proceedings.

## C. FURTHER PROCEEDINGS

Based on the foregoing the court finds that Mr. Boston has shown that remand to the Commissioner to allow her to consider Dr. Pritchard's opinions is appropriate under sentence six of § 405(g). On remand –

> the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence . . . , modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. 405(g).

Therefore, this matter will be stayed pending the Commissioner's filing of additional and/or modified findings of fact and decision. "The time for filing an EAJA application, in a sentence-six remand, runs from that post-remand judgment entry date in the district court." *Jackson v. Chater*, 99 F.3d 1086, 1089-90 (11th Cir. 1996).

## CONCLUSION

An Order granting Mr. Boston's Motion to Remand and Agreed Upon Motion to Stay Case, (doc. 15), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 14th day of July, 2016.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE